Judge Buckner,
delivered the opinion of the court.
Smith as assignee, recovered a judgment against T. Todd, who filed his hill in chancery to be relieved against it, and obtained an injunction.
Upon a final hearing, the circuit court granted the belief sought by a decree, perpetuating the injunction, to reverse which, this writ of error is prosecuted.
From the manner, in which the case is exhibited by the bill, it is difficult to ascertain, what the grounds of equity are, upon which the defendant in error intended to rely. We presume, however, that he relied upon a failure of consideration. lie does not even allege to whom the covenant on which the judgment is founded, was executed. But the answer of Smith, shows, that it was to Charles S. Todd. The substance of the bill is concisely this.
J. T. Hawkins and W. Cockran, purchased of James Sympson, a tract of land, of about five hundred and thirty acres, on the Kentucky river. The purchasers associating with themselves, eight other persons, (of whom the defendant in eri or was one) and styling themselves the Marion Company, laid off lots for a town on said tract, and caused them to be sold at public sale. William T. Washington, a minor, and for whom the defendant in error was guardian, purchased lots to the amount of $17 50 cents, for himself and brothers, for which he procured T. Todd to execute his, Todd’s notes, on one of which, Smith, into whose hands it had fallen by assignment, recovered the judgment.
Sympson had not a valid title to the land sold, to Hawkins and Cochran, and they had instituted a suit in chancery, in the Gallatin circuit court, and obtained a decree, rescinding the contract. The papers in that suit are referred to, as a part of the bill in this case.
From the record in that case, it appears, that the sale was not made by James Sympson alone, but by him and two others, and that they had made a deed of conveyance for the land to said Hawkins and Cochran.
A, a minor, ¡purchases land and protures B, his -guardian, to execute his individual note for the purchase money; judgment is obtained on the note; B files á bill of injunction to tne judgment alledging a failure of consideration from the want of title in A.’a vendor; A is a necessary party.
Monroe and Triplett, for plaintiff; CriUenden, for defendant.
From the allegation, that the title conveyed to Hawkins and Cochrane, was invalid, it was intended, we suppose, to he inferred, although it is not so alleged.in the bill by Todd, that the vendors of Washington were hot enabled to convey to him a good title, to the lots which he purchased.
James Sympson, Hawkins, Cochran and Smith', are made defendants to the present bill.
We look upon it as unnecessary to enter into a minute investigation of the merits of the controversy, as it is clear, the proper parties were not before the court.
Washington may not choose to seek a rescisión of the contract. Whether he, or he and his brothers held a bond for the conveyance of the lots; or have received a deed of conveyance, we are left to conjecture. Todd cannot be permitted to evade the payment of the purchase money, whilst Washington claims and retains the property, which he purchased.
He was a necessary party, and if his brothers were interested in the purchase, they ought also to be made parties.
If the contract for the purchase of the lots is to be rescinded, the Marion Company ought also to be brought before the court.
The decree of the circuit court must be reversed» and the cause remanded, with directions for further proceedings to be had, not inconsistent with this opinion.